Melhop, Son & Co. v. Seaton.

MELHOP, SON & CO. v. SEATON *et al.*

1.  Attachment: RELEASE OF PROPERTY ON AGREEMENT: LIABILITY OF OFFICER. Where the plaintiff in. an attachment suit and the defendant therein agree upon terms of settlement, and thereupon direct the officer to release the attached property, the officer is not afterwards made liable for so doing by the defendant's failure to comply with the terms of the agreement of settlement.

2.  The Same: EVIDENCE. In such case, all evidence tending to show the agreement discharging the property was rightly admitted in behalf of the officer, and was not vulnerable to the objection that it contradicted his endorsement on the writ.

3.  The Same: ESTOPPEL OF OFFICER BY JUDGMENT. The judgment in the attachment case directing the property to be sold did not estop the officer from showing that he released it upon the agreement; for he was not a party to that case, and was not bound by the judgment.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

FILED, FEBRUARY 5, 1889..

ACTION upon the official bond of a sheriff to recover for the alleged failure of the sheriff to deliver to his successor in office certain property seized by him upon an attachment, to be sold upon a special execution issued on a judgment rendered in the action wherein the attachment was issued. There was a trial to the court without a jury, and a judgment for defendants. Plaintiffs appeal.

*M. P. Smith* and *J. W. Jamison*, for appellants.

*Thompson & Lanning*, for appellees.

BECK, J.—I. The controlling facts in the case, which are undisputed, or are established by the pre-ponderance of the evidence, are these:

**1. ATTACHMENT: release of property on agreement: liability of officer.**

Plaintiff brought an action against Tath-well, and an attachment, issued in the case, was served by defendant Seaton, the sheriff, by seizing a certain stock of merchandise, which is shown by an endorsement upon the writ, dated January 19, 1885. The writ was returned with the following additional endorsement: "By order of C. J. Deacon, I now return this writ, August 8, 1885. B. F. Seaton, Sheriff." Deacon, named in this return, was the attorney of the defendants in the attachment, and the return was made pursuant to the agreement made by the attorney of the plaintiff and representatives of other creditors and the defendant in attachment, settling and compromising the claims against him. This agreement was made in the presence of the sheriff, who, acting thereon, returned the writ, April 25, 1887. The cause was submitted to the court, and it was found that the agreement for the settlement had not been performed, and defendant had not paid the amount fixed by the terms of the settlement. Therefore the court rendered judg-ment against the defendant, and entered an order for the sale of the property attached.

II. We are of the opinion that there was evidence tending to prove that the defendant had returned the writ of attachment, and released the property, pur-suant to an agreement of settlement between plain-tiff's attorney and defendant. The district court doubtless so found, and there is no ground for holding that the finding is not supported by the evi-dence. Upon this state of facts the defendant could not be held liable for the release of the property. The parties were authorized to settle the case, and to stipulate for the discharge of the property attached. After such a settlement and stipulation, it would be

monstrous injustice to hold the sheriff liable when he had done just what the parties had agreed to do. But it is said that the defendant in the attachment did not perform his part of the agreement. Let this be admitted. But the sheriff did not become the guarantor for the performance of defendant's contract. The agreement for the discharge of the property was not conditional upon the performance by defendant of the contract. Upon entering into the agreement the sheriff was directed to release the goods, which he did, pursuant to the settlement. We are clearly of the opinion that the sheriff is not liable by reason of the subsequent failure to perform the agreement on the part of defendant in attachment.

III. The evidence tending to establish the agreement for settlement and discharge of the attachment

2. THE same : evidence.

was objected to on the ground, among others, that the endorsement made by the sheriff upon the attachment cannot be contradicted by parol, and is conclusively binding upon him. But in our opinion the evidence does not contradict the return of the officer, which shows a seizure of the property. But it cannot be doubted that the property may be discharged from the attachment by agreement of the parties. The evidence objected to does not contradict the return of the officer. It simply shows a discharge of the property by agreement. All the evidence objected to which tended to establish the agreement discharging the property was rightly admitted. We find no error in the court's rulings upon the questions involving the admission of the evidence.

IV. The order in the attachment case, directing the property attached to be sold to satisfy the judgment,

3. THE same : estoppel of officer by judgment.

does not estop the defendant in this case. He was not a party to that case, and the order was not, therefore, an adjucation binding him. These considerations dispose of all questions in the case. The judgment of the district court is

AFFIRMED.