[Civil No. 693.   Filed March 28, 1900.]

[60 Pac. 938.]

## THE PROVIDENCE GOLD MINING COMPANY, Defendant and Appellant, v. JAKE MARKS et al., Plaintiffs and Appellees.

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—MUST BE SPECIFIC— IN BRIEF—WAIVER OF ERRORS NOT ASSIGNED—ACT NO. 71, SEC. 4, LAWS OF ARIZ. 1897, AND RULES OF COURT CITED.—The statutes, *supra,* relating to appeals provide, among other things, "that the briefs of the plaintiff in error or appellant shall contain a distinct enumeration, in the form of propositions, of the several errors relied on, and all errors, not assigned in the printed brief, shall be deemed to have been waived." The rules of court, *supra,* also provide that all assignments of errors must distinctly specify each ground of error relied upon. Where no errors are assigned, and none appear on the face of the record, the judgment of the lower court will be affirmed, notwithstanding there may exist a meritorious defense which the defendant might have urged in the court below.

2. SAME—SAME—CANNOT RAISE ISSUABLE FACTS—MUST SHOW ERROR OF COURT IN RULING—RECORD—NO ERROR APPEARING IN, JUDGMENT AFFIRMED IF NO ASSIGNMENT OF ERRORS—ACT NO. 71, SEC. 4,

LAWS OF ARIZ. 1897, AND RULES OF COURT CITED.—On appeal from judgment in favor of plaintiff, in an action on an adverse claim to a mining location, appellant presented no assignment of errors, but submitted two propositions in its brief, viz.: "First, that this action was not commenced within thirty days of filing the adverse; second, that the verdict is contrary to the evidence and the weight of the evidence." These propositions are of issuable facts, and do not assign or impute error in the rulings or judgment of the lower court. Therefore in accordance with the statutes and rules of court, *supra,* no error appearing in the record, the judgment will be affirmed, although appellant might be able to establish both facts as set forth.

3. SAME—MINES AND MINING—ADVERSE—LIMITATIONS—REVIEW—SCOPE —SEC. 2326, REV. STATS. U. S., CITED.—The statute, *supra,* provides that an action on an adverse must be brought within thirty days after the adverse claim is filed. An issue as to whether an action was brought within this time, when not raised in the lower court, cannot be reviewed when presented for the first time on appeal.

4. STATUTE OF LIMITATIONS—SUBSTANTIVE DEFENSE—PLEADING — MUST BE RAISED BY ANSWER OR PLEA—MINES AND MINING—ADVERSE— SEC. 2326, REV. STATS. U. S., CITED.—An issue as to whether an action was brought within the thirty days required by statute, *supra,* was sought to be raised by a motion for judgment on the pleadings and a motion to strike from the files. *Held,* that the statute of limitations is a substantive defense which can only be raised by answer or plea.

5. APPEAL AND ERROR—RECORD—VERDICT—ASSIGNMENTS OF ERROR— CONFLICT IN EVIDENCE.—Where in addition to the record failing to show that the appellant moved to have the verdict set aside as against the evidence it appears that neither the refusal of the trial court so to do nor to grant a new trial on the ground that the verdict was against the evidence is assigned as error, and that there is substantial evidence to support the verdict, although there is a conflict, the verdict of the jury will not be disturbed on appeal.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Andrews & Ling, and Herndon & Norris, for Appellant.

Ross & O'Sullivan, for Appellees.

The statute of limitations cannot be taken advantage of, unless it be specially pleaded by way of answer or special

demurrer. *Chemung Canal Bank* v. *Lowery,* 93 U. S. 76; *Hexter* v. *Clifford,* 5 Colo. 168; *Thomas* v. *Glendinning,* 13 Utah, 47, 44 Pac. 652; *Horton* v. *Crawford,* 10 Tex. 382.

The motion to dismiss by the defendant in the trial court did not raise the question of limitation, and it cannot for the first time be raised in the appellate court. *Marshall Silver Min. Co.* v. *Kirtley,* 12 Colo. 410, 21 Pac. 492.

The question of citizenship cannot be first raised in the appellate court. *O'Reilly* v. *Campbell,* 116 U. S. 418, 6 Sup. Ct. 421.

DOAN, J.—An action was brought in the lower court by the plaintiffs, who are the appellees herein, based upon an adverse claim filed against the application for patent made by the defendant, which is the appellant herein, for certain mining claims in the Big Bug Mining District, Yavapai County, Arizona. The adverse was filed on the seventh day of May, 1897. The original complaint was filed on the first day of June, 1897. A demurrer ''for the reason that the complaint does not state facts sufficient to constitute a cause of action,'' and an answer entering the plea of not guilty, were filed on the fifteenth day of June, 1897, and on the thirteenth day of November, 1897, an amended answer was filed, containing the same demurrer and plea, and, in addition thereto, a general denial, and setting up the location of the several claims in dispute by the grantors of the defendant, and transfer by said grantors to the defendant. The general demurrer was sustained, and confessed by plaintiffs, on the fifteenth day of November, 1897, and, on leave granted, plaintiffs filed an amended complaint the same day. On the sixteenth day of November, 1897, defendant filed and presented a motion for judgment for the defendant on the pleadings, on the grounds that the amended complaint stated a new cause of action, and that, more than thirty days having elapsed since their adverse was filed, plaintiffs were barred under section 2326 of the Revised Statutes of the United States. After being fully argued by counsel, the motion was denied by the court, and leave granted defendant to file an amended answer. Defendant thereafter, on the same day, filed an amended answer to the amended complaint, being a *verbatim* copy of the demurrer, plea, denial, and special de-

fense, as set out in amended answer filed November 13, 1897, and mentioned above. Defendant's demurrer to plaintiffs' amended complaint on the ground that the complaint failed to state facts sufficient to constitute a cause of action was overruled. The case was tried to a jury. Thirteen witnesses for the plaintiffs and five for the defendant were sworn and testified. Documentary evidence was introduced on each side. The jury was charged by the court at considerable length, and, after deliberation, returned a verdict for the plaintiffs, and judgment was rendered for the plaintiffs in accordance with the said verdict. From this judgment and the order of the court denying a new trial the defendant appeals.

The appellant presents no assignment of errors, but submits to the court two propositions: "First, that this action was not commenced within thirty days of filing the adverse; second, that the verdict is contrary to the evidence and the weight of the evidence." This court, as previously held in the case of *Maricopa County* v. *Jordan, ante,* p. 4, 60 Pac. 693, (decided at the present term,) under like conditions, does not take up the legal issues involved in a case, and try them *de novo,* regardless of the manner in which they have been presented and tried in the lower court, or regardless of whether or not they have been presented for consideration in the lower court at all. Our statutes relating to appeals provide, among other things, "that the briefs of the plaintiff in error or appellant shall contain a distinct enumeration, in the form of propositions, of the several errors relied on, and all errors, not assigned in the printed brief, shall be deemed to have been waived." The rules of this court likewise provide that all assignments of errors must distinctly specify each ground of error relied upon. Where no errors are assigned, and none appear on the face of the record, the judgment of the lower court will be affirmed, notwithstanding there may exist a meritorious defense, which the defendant might have urged in the court below, and which he may now stand ready to urge in this court. Defendant's brief contains two propositions, but they are propositions of issuable facts, and do not assign or impute error in the rulings or judgment of the lower court. So that, unless error appears in the record, the judgment will be affirmed, although appellant might be able to establish both facts as set forth.

First. ''This action is not commenced within thirty days of filing the adverse.'' We need not inquire into the truth of that fact as a fact. If that fact existed, and was not put in issue in the lower court, it cannot be first presented here. *Marshall etc. Mining Co.* v. *Kirtley,* 12 Colo. 410, 21 Pac. 492. If it was properly presented, and sustained by sufficient and competent evidence, in the lower court, and the court held the plaintiffs were not barred by that fact, the proposition should have presented the error of the court in thus holding. The record discloses that this fact was not put in issue, either by answer or demurrer, in the lower court. An original and amended answer and demurrer had been filed by defendant, neither of which raised this issue. After an amended complaint had been filed by the plaintiffs, defendant filed and presented a motion for judgment on the pleadings, for the reason ''that plaintiffs' amended complaint, which states a new cause of action, was filed more than thirty days after their adverse claim, and plaintiffs' first, second, and third causes of action are thereby barred.'' This motion was very properly denied by the court. Appellant, in its brief, says that this motion, although erroneously termed a motion for judgment on the pleadings, was, in effect, a motion to strike the amended complaint from the files, for the reason, among others, that the same was filed after the period of the running of the statute of limitations. The motion was entitled, filed, presented, argued, and ruled upon as a motion for judgment on the pleadings. But, if we should consider it as a motion to strike from the files, the denial by the court was equally correct. If the reason assigned were true, the defendant was entitled to set up that fact in his answer as a defense, as he would plead any other defense, decisive of the issues in the case; but it was no ground for striking the pleading from the files. Cases are determined by trial of the issues raised by the pleadings, not by striking from the files every pleading to which a defense may be pleaded. After the motion for judgment was denied, on leave granted, defendant filed an answer and demurrer to the amended complaint, but did not, in either said demurrer or answer, plead the statute of limitations. The rule is plain and well settled that the statute of limitations, to be available, must be raised by special plea, and that a general demurrer on the ground

that the complaint does not state facts sufficient to constitute a cause of action does not effect that purpose. Neither can the bar of the statute be pleaded by motion. The ruling of the United States supreme court (*Bank* v. *Lowery*, 93 U. S. 72, 23 L. Ed. 806, citing and approving *Howell* v. *Howell*, 15 Wis. 55) under a statute identical with ours has been recognized and followed without exception. Mr. Justice Bradley says: "It is provided that 'the objection that the action was not commenced within the time limited can only be taken by answer' (Rev. Stats. Wis., sec. 819); but the supreme court of Wisconsin has decided that when, on the face of the complaint itself, it appears that the statutory time has run before the commencement of the action, the defense may be taken by demurrer, which, for that purpose, is a sufficient answer. On the first hearing of the case of *Howell* v. *Howell*, some importance was attached to the fact that it was an equity case, in which class of cases a demurrer has been allowed for setting up the statute of limitations; but on a rehearing a more enlarged view was taken, and a demurrer was regarded as sufficient in all cases where the lapse of time appears in the complaint without any statement to rebut its effect, and where the point is especially taken by the demurrer. If the plaintiff relies on a subsequent promise, or on a payment to revive the cause of action, he must set it up in the original complaint, or ask leave to amend. Without this precaution the complaint is defective in not stating, as required by the statute, facts sufficient to constitute a cause of action. But, although defective, advantage cannot be taken of the defect on motion, or in any other way than by answer; which answer, however, as we have seen, may be a demurrer." The statute of limitations not having been raised in the lower court, and the record disclosing no error in the rulings of the court on the matters that were presented, disposes of the first proposition.

Upon the second proposition, "The verdict is contrary to the evidence and the weight of the evidence," beyond the fact that the record does not show that the defendant moved to have the verdict set aside as against the evidence, and that neither the refusal of the court so to do or to grant a new trial on the ground that the verdict was against the evidence is assigned as error, lies the further fact that the record does contain the testimony of thirteen witnesses that affords

substantial evidence in support of the controverted allegations in the complaint on which the jury found the verdict. The rule that in cases of conflicting testimony the appellate court will not disturb the verdict of a jury when there is substantial evidence to support it is so universal that the citation of authorities is unnecessary. The judgment of the lower court is affirmed.

Street, C. J., and Davis, J., concur.