[Civil No. 2113.   Filed February 7, 1924.]

[222 Pac. 1046.]

J. H. MULREIN PLUMBING SUPPLY COMPANY, a Corporation, Appellant, v. W. J. WALSH, as Surviving Partner of the Firm of DE FORE & WALSH, and BANK OF CHANDLER, a Corporation, Appellees.

1. APPEAL AND ERROR—JUDGMENT IN GARNISHMENT PRESUMED TO BE PREDICATED ON TRIAL COURT'S FINDING.—Where, in garnishment proceeding, there was raised an issuable and material fact as to whether principal defendant authorized garnishee to sell a stock of merchandise and apply proceeds on indebtedness of principal defendant to garnishee, judgment rendered must be presumed.to be predicated on finding that garnishee was so authorized and instructed to dispose of the merchandise for the purpose specified.

2. APPEAL AND ERROR—IN ABSENCE OF EXPRESS FINDINGS, PRESUMED THAT TRIAL COURT FOUND NECESSARY FACTS.—Where record does not contain express findings of material facts involved, it will be presumed on appeal that the lower court found in favor of the prevailing party all facts necessary to support judgment.

3. GARNISHMENT—EVIDENCE HELD TO SUPPORT FINDING THAT GARNISHEE WAS NOT INDEBTED TO DEFENDANT.—In garnishment proceeding, where garnishee denied indebtedness to principal defendant, record *held* to disclose sufficient evidence to support finding for garnishee.

4. APPEAL AND ERROR—FINDINGS HELD CORRECT IF RECORD DISCLOSES EVIDENCE FROM WHICH SAME MAY BE INFERRED.—On appeal the trial court's finding will be considered correct, if the record discloses evidence from which the same may be reasonably inferred.

5. ATTACHMENT—WHEN SALE OF ATTACHED PROPERTY MAY BE MADE STATED.—In view of Civ. Code 1913, paragraph 1410 et seq., a sale of attached property may be made on court order when shown to be of perishable nature or to satisfy judgment by plaintiff, but if attachment be quashed or vacated or judgment be for defendant the property will be restored to the latter.

6. ATTACHMENT—PROPERTY MAY BE CONVEYED BY DEBTOR SUBJECT TO ATTACHMENT.—An attachment lien does not affect general title of owner of the property, and therefore property under attachment may be conveyed by debtor subject to the attachment, and if the attachment is extinguished the sale becomes absolute.

7. ATTACHMENT — PROPERTY MAY BE DISCHARGED BY AGREEMENT.— Property may be discharged from an attachment by agreement of the parties.

8. ATTACHMENT—AGREEMENT TO SELL ATTACHED PROPERTY IS VALID. The attaching creditor and debtor may join in the sale of attached property without pursuing all the steps named in the statute, and hence an agreement to sell and apply the proceeds to the payment of the debt is valid.

9. FRAUDULENT CONVEYANCES — SALE OF PROPERTY BY DEBTOR TO CREDITOR HELD FREE FROM BADGES OF FRAUD.—Where bank attached stock of merchandise belonging to its debtor, and tendered issue to claimant of ownership of the stock, and thereafter on issue joined the trial court found ownership of the stock to be in the debtor, sale of the merchandise by debtor to bank thereafter *held* free from badges of fraud.

2.  See 15 R. C. L. 877.
4.  See 2 R. C. L. 202.
6.  See 2 R. C. L. 866.
7.  See 2 R. C. L. 867.

10. GARNISHMENT—GARNISHEE LIABLE ONLY ON SHOWING OF INDEBTEDNESS TO DEFENDANT AT SERVICE OF WRIT.—A garnishee cannot be held liable, unless it is shown that he is indebted to principal defendant at time of the service of writ on him, and he may set off in such proceeding whatever demand he might be able to set off against the principal debtor's claim against him.

11. APPEAL AND ERROR—QUESTION OF VIOLATION OF BULK SALES LAW CANNOT BE FIRST URGED ON APPEAL.—Where, in garnishment proceeding, garnishee denied indebtedness, and issue was joined thereon by plaintiff, and it did not appear in plaintiff's affidavit controverting garnishee's answer that in sale of stock of merchandise by principal defendant to garnishee Bulk Sales Law (Civ. Code 1913, § 5249, as amended by Laws 1915, c. 42, § 1, and section 5250), was not complied with, nor was issue tendered thereon, plaintiff cannot first urge on appeal that such sale was void for noncompliance with such statute.

12. APPEAL AND ERROR—QUESTIONS NOT RAISED IN LOWER COURT NOT CONSIDERED.—The Supreme Court will not, on appeal, consider for the first time a question not raised in the lower court, and which might have been heard and determined there.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Affirmed.

Messrs. Clark & Clark and Mr. Clarence E. Johns, for Appellant.

Mr. Arthur E. Price, for Appellees.

SAMES, Superior Judge.—This is an appeal from a judgment for garnishee on an issue in garnishment. Appellant, J. H. Mulrein Plumbing Supply Company, a corporation, instituted action No. 15257C in the Superior Court of Maricopa county against W. J. Walsh, as surviving partner of the firm of De Fore & Walsh, and W. J. Walsh, defendants, to recover an indebtedness of $894.96 for plumbing

10. See 12 R. C. L. 850.

12. See 2 R. C. L. 180.

See 3 C. J. 689, 700; 4 C. J. 778, 787, 876; 6 C. J. 266, 278, 292, 361, 362, 368; 27 C. J. 483; 28 C. J. 243, 279, 312.

supplies sold to said firm, and on November 15, 1921, caused a writ of garnishment to issue in said action, directed to appellee Bank of Chandler, as garnishee. Said bank answered, denying any indebtedness to said defendants or either thereof, or that it had any effects of the defendants in its possession. Appellant controverted the bank's answer, and tendered issue in garnishment, alleging that in July, 1920, said Bank of Chandler took into its possession, at Chandler, Arizona, for itself and for its own use, and not by way of purchase in due course of trade, a certain stock of hardware, plumbing supplies, and materials, being the property of the defendants De Fore & Walsh, and reasonably worth the sum of $894.96, and ever since said date had retained possession of the stock, or the proceeds thereof. The appellee bank answered, denying that it took the property of the defendants into its possession, or that the goods specified were reasonably worth the sum of $894.96, but alleged that the same were not worth in excess of $350, and further alleged that after January 1, 1921, and prior to the issuance of said writ of garnishment, the firm of De Fore & Walsh being indebted to the bank on a certain promissory note signed by the defendants, said defendant W. J. Walsh, as surviving partner of said firm, authorized and instructed said bank to sell certain of said attached property and apply the proceeds of the sale of the same upon the payment of the firm's indebtedness to the bank; that such sales were made and the proceeds, amounting to $323.38, applied on said indebtedness; that said bank was not indebted to the defendants or either thereof; and that it had no effects of the defendants in its possession. On May 15, 1922, upon the issue in garnishment so framed, the lower court, trying the same without a jury, rendered judgment against plaintiff and in favor of said garnishee, from which judgment plaintiff appeals.

The contention in the garnishment proceedings arose out of the disposal of the same stock of plumbing supplies and materials involved in an earlier action by said Bank of Chandler against said firm of De Fore & Walsh.

In July, 1920, the Bank of Chandler instituted action No. 12996 in said superior court of Maricopa county against S. C. De Fore and W. J. Walsh, defendants, to recover amounts aggregating $1,060, remaining unpaid of the principal sums, together with interest and costs, on certain promissory notes executed by the defendants to said bank, and on July 23, 1920, caused a writ of attachment to issue, under which the stock of plumbing materials and supplies of the defendants at Chandler was levied upon and stored by the sheriff in the Stapley warehouse at Chandler. The J. H. Mulrein Plumbing Supply Company, claiming ownership of the stock, filed affidavit and bond, and obtained possession thereof. Plaintiff bank tendered issue denying the ownership of the claimant, and asserted the stock to be the property of De Fore & Walsh. Answer was made by claimant, and upon the issue thus joined the trial court on December 2, 1920, found the ownership of the property to be in De Fore & Walsh. The stock was thereupon returned to the custody of the sheriff, and was stored in a room adjoining or in the vicinity of the Bank of Chandler, to which the latter had access. The stock of materials and supplies was not sold in the course of the attachment proceedings to enforce the attachment lien thereon, but, while the attachment was still subsisting, all of the stock was disposed of by sales made by the bank from which it received sums amounting to $324.65, which were credited by the bank on the notes of De Fore & Walsh, on which suit had been brought. Some articles, including a bathroom set, were first sold or reserved to several purchasers, but the remainder, which constituted the

greater part of the stock, was sold in February, 1921, to Jennings & Son, for which the bank received $225. De Fore, a member of the partnership defendants, died in August, 1920, and Walsh assumed charge of the firm's business to wind up the affairs of the same and to pay off as many of the firm's debts as possible. The suit in which the attachment issued was dismissed on motion of defendants on July 11, 1921.

Appellant assigns error of the lower court on four propositions; the first two of which are as follows: (1) That the property was sold by the bank without legal right. The goods were not perishable. If they were, or if they should have been sold, the bank was not the proper party to sell them. The Revised Statutes of Arizona 1913, Civil Code, pars. 1413 to 1420, inclusive, prescribe the manner in which property under a writ of attachment shall be sold or kept; (2) Recourse to garnishment was proper, and the writ reached any effects of the defendants in the hands of the bank, garnishee, whether such effects consisted of the goods, or, in the event of disposal, their value.

The trial court found that the Bank of Chandler was not indebted to said W. J. Walsh, as surviving partner of the firm of De Fore & Walsh, or to said W. J. Walsh, and that said garnishee did not have any effects of said W. J. Walsh, as surviving partner of said firm, or of said W. J. Walsh, in its possession at the time of service upon said garnishee of the writ of garnishment issued in said action, and that defendant garnishee has incurred costs and expense including attorney's fees in the cause in the sum of $100.

The particular grounds for the decision are not otherwise specified. The record discloses no request for special findings. The bank's assertion, in its answer to plaintiff's tender of issue, that the defend-

ant W. J. Walsh, as surviving partner of the firm of De Fore & Walsh, authorized and instructed the bank to sell the stock of supplies and apply the proceeds upon the indebtedness of De Fore & Walsh to the bank raised an issuable and material fact, and the judgment rendered on the issue in garnishment must be presumed to have been predicated upon a finding by the trial court that the bank was so authorized and instructed by said defendant Walsh to dispose of the stock for the purpose specified.

Where the record does not contain express findings of all material facts involved in the case, it will be presumed on appeal that the lower court found in favor of the prevailing party all of the facts necessary for the support of the judgment. 4 Corpus Juris, 778 (§ 2728); *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587; *Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960; *Thomas* v. *Newcomb et al., supra,* p. 47, 221 Pac. 226.

Though the evidence in this case is sharply conflicting as to any agreement between the bank and Walsh for the disposal of the stock, the record discloses sufficient evidence to support such a finding. As is said in *Blackford* v. *Neaves, supra:*

"If, therefore, there is sufficient evidence in the record to justify the judgment, it should be sustained; otherwise it must be reversed, for this court will not substitute its opinion on controverted questions of fact for that of the trial court, when substantial evidence supports the judgment of the latter."

That the findings were correct if the record discloses evidence from which the same may be reasonably inferred: *Blackford* v. *Neaves, supra; McGowan* v. *Sullivan,* 5 Ariz. 334, 52 Pac. 986; *DeMund Lumber Co.* v. *Stilwell,* 8 Ariz. 1, 68 Pac. 543; *Korrick* v. *Robinson,* 20 Ariz. 323, 180 Pac. 446; *Cameron* v. *Bonsall,* 21 Ariz. 49, 185 Pac. 358; *Otero* v. *Wheeler,* 21 Ariz. 50, 185 Pac. 359; *Thomas* v. *Newcomb, supra,* was then the sale of the stock, on the agreement of the

attaching creditor and the defendant debtors, while the same was *in custodia legis,* without legal right?

Paragraph 1410, Revised Statutes of Arizona 1913, Civil Code, provides that:

"When personal property is attached the same shall remain in the hands of the officer attaching until final judgment, unless a claim be made thereto and bond be given to try the right to the same, or unless the same be replevied or be sold as provided by law."

A sale of attached property may be made upon order of the court, when shown to be of a perishable nature (paragraph 1413 et seq., Id.), or to satisfy judgment recovered by plaintiff (paragraph 1422, Id.). If the attachment be quashed or otherwise vacated, or judgment be for defendant, the court shall order the property restored to the latter. (Paragraph 1425, Id.)

An attachment lien does not, however, affect the general title of the owner of the property, and therefore property under attachment may be conveyed by the debtor, subject to the attachment. 2 R. C. L. 866 (Attachments, § 79).

If the attachment is extinguished, the sale of the property becomes absolute. 23 R. C. L. 1240 (Sales, § 56).

The property may be discharged from the attachment by agreement of the parties. *Melhop et al.* v. *Seaton et al.,* 77 Iowa, 151, 41 N. W. 600.

The attaching creditor and the debtor may join in a sale of the attached property without pursuing all the steps named in the statute, and the agreement to sell and apply the proceeds to the payment of the debt is valid. *Chadbourne* v. *Sumner,* 16 N. H. 129, 41 Am. Dec. 720.

The court had already determined, on the claim of appellant of ownership, that the property belonged to the defendants De Fore & Walsh. No other attachments or liens against the property at the time of

the sale appear in the record. The sale is free from badges of fraud; the proceeds of the same were applied in reducing the amount of the indebtedness of the defendant firm to the bank. If the sale, which was made under the authority of the partnership debtors some eight months or more before the garnishment proceeding was instituted, contravenes the statute, the attaching officer, who has but a special property in the attached effects, which continues only so long as he remains liable to have the property forthcoming to satisfy plaintiff's demand or to return it to the owner upon the attachment being dissolved, and in whom right of action for a violation of his possession is exclusive in the absence of other attaching creditors, alone may complain. 6 Corpus Juris, 313, section 607; Drake on Attachments, section 291 (p. 257).

Upon the sale of the stock and the application of the proceeds thereof on the notes of De Fore & Walsh to the Bank of Chandler, the greater portion of the firm's indebtedness to the bank still remained due and unpaid.

The garnishee cannot, of course, be held liable, unless it is shown that garnishee is indebted to the principal defendant at the time of the service of the writ on the former; and garnishee may set off in garnishment proceedings whatever demand he might be able to set off against the principal debtor's claim against him. 12 R. C. L. 830 (§ 68).

The two remaining propositions on which appellant bases error are: (3) That the sale of the stock of goods of De Fore & Walsh, in bulk, whether made by Walsh, as surviving partner, to appellee, or by Walsh to another, was wholly null and void as to the general creditors of De Fore & Walsh, including appellant, there having been no compliance or attempt at compliance with the provisions of the Bulk Sales Act of Arizona (chapter 42, House Bill 46, Session Laws

Regular Session, Second Legislature of Arizona, 1915, p. 82, and section 5250, p. 1699, of the Civil Code of 1913); and (4) that the sale being null and void as to creditors, including appellant, the latter could follow the stock, or the proceeds derived from a sale thereof, into the hands of the bank, appellee, and garnishment was the proper remedy.

The objection of noncompliance with the laws of Arizona relating to the sale of goods in bulk, specified by appellant, does not appear in plaintiff's affidavit controverting the answer of the garnishee, nor is the same raised in plaintiff's tender of issue in garnishment on which the proceedings against the garnishee were determined. Nor does it otherwise appear from the record that the point was before the trial court for consideration.

This court has not infrequently announced its adherence to what, with but few exceptions, is now an almost universal rule (3 Corpus Juris, 689) that the court will not on appeal consider for the first time a question not raised in the lower court, and which might have been heard and determined there. *Santa Rita Land etc. Co.* v. *Mercer,* 3 Ariz. 181, 73 Pac. 398; *Evans* v. *Glencross,* 4 Ariz. 222, 36 Pac. 212; *Providence Gold Mining Co.* v. *Marks,* 7 Ariz. 74, 60 Pac. 938; *Copper Belle Mining Co.* v. *Costello,* 11 Ariz. 334, 95 Pac. 94; *Dey* v. *Hill* (theory of case), 20 Ariz. 466, 181 Pac. 462.

Sufficient and substantial evidence appearing to support a finding that the bank garnishee was authorized to sell the stock of goods of the defendant firm and apply the proceeds of the sales on the indebtedness of said firm to the bank, and finding in the record no error prejudicial to appellant, the judgment of the trial court is affirmed.

McALISTER, C. J., and ROSS, J., concur.

26 Ariz.—11

NOTE.—Judge LYMAN being disqualified, Hon. ALBERT M. SAMES, Judge of the Superior Court of Cochise County, was designated to sit in his place.