[Civ. No. 2013. Fourth Appellate District.—July 26, 1937.]

N. CHRISTINA, Appellant, v. JOHN DANERI et al., Respondents.

Freston & Files, Louis Ferrari, Edmund Nelson, Howard Waterman and Ralph E. Lewis for Appellant.

George A. Malette for Respondents.

BARNARD, P. J.—This is an action for a deficiency after foreclosure of a trust deed given to secure a note. The note and trust deed were dated November 24, 1933, and the sale under the trust deed took place on September 28, 1935. The action was tried on April 30, 1936, and ordered submitted on briefs. On June 1, 1936, counsel for plaintiff gave notice of a motion to reopen the trial of the action in order to permit the introduction into evidence of a notice of default and election to sell, which had been recorded in San Diego County on September 14, 1934. On June 20, 1936, the court entered an order denying this motion and ordering judgment for the defendants. On November 16, 1936, findings of fact

were filed in which the court found that the trust deed in question was not given to secure any part of the purchase price of the real property described therein, and further found that it did not affirmatively appear at the trial that the notice of breach and election to sell pursuant to which the sale was held was recorded at least one year before the date of such sale. Judgment in favor of the defendants was entered on the same day and the plaintiff has appealed.

The first question presented is whether section 2924½ of the Civil Code, as adopted in 1933, is applicable here. This section reads as follows:

"No judgment shall be rendered for the balance due upon any obligation which was secured by a deed of trust or mortgage with power of sale upon real property following the exercise of such power of sale, if exercised at any time between the effective date of this act and September 1, 1935, unless it shall affirmatively appear that the notice of breach and election to sell provided for in section 2924 of the Civil Code, pursuant to which such sale was held, was recorded at least one year before the date of such sale. This act and the provisions of this section shall be effective to and until September 1, 1936."

The appellant contends that this section is not applicable since this sale took place after September 1, 1935. It is contended that the power of sale can be "exercised" only if the sale is completed and that the clause "if exercised at any time between the effective date of this act and September 1, 1935," means if the sale takes place before September 1, 1935. The reasoning advanced would be most plausible if that clause stood alone. It will be noted, however, that the last sentence of this section reads: "This act and the provisions of this section shall be effective to and until September 1, 1936." Each part of the section should be given effect, and the last sentence would have no effect if the other clause referred to made the act ineffective as to any sale taking place after September 1, 1935. The inclusion of the last sentence suggests an intention on the part of the legislature to make the section applicable to all sales taking place up to September 1, 1936, which would cover the required period of one year where notice of breach and election to sell was recorded just prior to September 1, 1935. This would seem to indicate that the word "exercised" was intended to refer to the beginning

of the proceeding to sell by giving notice rather than to the completion of the sale. However, we do not deem it necessary to decide this question under our views on the second point raised.

It is next urged that the trial court abused its discretion in denying the motion to reopen the case for the purpose of introducing in evidence the notice of default and election to sell. It appears that this notice was actually recorded on September 14, 1934, or more than a year prior to the date of sale. The motion to reopen the case to make proof of this fact was made after the case was submitted, but before it was decided and some months before the findings and judgment were entered.

In support of the motion counsel for the appellant presented an affidavit stating, among other things, that he believed he had introduced the notice in question as an exhibit in connection with the trust deed and other instruments introduced, that so believing he referred to that notice in his brief before the trial court, and that he first learned that it did not appear in the record when the respondents' counsel called attention to that fact in his closing brief. Attached to this affidavit was a copy of the notice in question, which appears to have been recorded on September 14, 1934.

The record of what happened at the trial on April 30, 1936, throws some light on the problem before us. When the case was called counsel for the respondents explained that he had not expected the case to be heard on that date and that his "client" was unable to be present. He expressed reluctance to ask for a continuance, and counsel for the appellant offered to stipulate that the respondents would testify in accordance with any statement made by their counsel. Counsel for the respondents then suggested that the other attorney put on his *prima facie* case "and if it developed it would be possible for us to put in a defense I am certain Mr. Waterman would allow this testimony to go in by deposition. We will do that if it develops a defense—". Counsel for appellant consented and the trial proceeded. Counsel for appellant introduced in evidence the note, a guarantee of the note, the deed of trust, and the trustee's deed. He then put on a witness who testified with respect to the costs expended, the taxes paid and the interest due. Counsel for respondents

cross-examined this witness in an effort to show that the note was given as part of the purchase price of the property described in the trust deed. In argument he stated to the court "that the $7500 note is a purchase money obligation—purchase money note, and that under the code no deficiency judgment may be had where it is a purchase money note. That's our defense". It was then stipulated that, if present, respondents would testify to that effect and the case was submitted on briefs. Nothing was said throughout the trial about whether or not the notice of default had been recorded in proper time. The trial appears to have been extremely informal and the only contested point was as to whether or not the note had been given as a part of the purchase price of the property. Apparently, the point that proof of timely recordation of notice had not been made was first raised by the respondents in their closing brief before the trial court. While the court found against respondents on the only point contested at the trial it also found that it did not affirmatively appear that the notice of breach and election to sell was recorded at least one year before the date of the sale.

While a court has a wide discretion in passing upon such a motion this discretion should be exercised in accordance with legal principles and in accordance with the ends of justice. A trial in a court of justice is not a game and the judge is more than an umpire. Deficiency judgments are allowed by our law under reasonable restrictions definitely set forth in the statutes. The appellant had complied with the restriction applicable here but, through inadvertence on the part of his counsel, proof of his compliance was not introduced at the trial. Considerable excuse for this inadvertence appears in the informal manner in which the case was presented, and in the statements of respondents' counsel throughout the trial, which clearly justified the inference that the case was to be submitted upon the sole question as to whether or not this was a purchase money note. The inadvertent failure in proof was seasonably brought to the attention of the trial court as soon as the matter was discovered and before the case had been decided. The offered proof was material and would have compelled a decision the other way. Under the peculiar circumstances here existing the case should have been reopened in order to permit justice to be done and, in our opinion, the failure to grant the motion was an abuse of discretion.

For the reasons given the judgment is reversed, with directions to the trial court to grant the motion for the purpose set forth therein.

Marks, J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 23, 1937.