316 P.2d 484

Harold BOWMAN, Appellant,
v.
M. S. HALL, Appellee.
No. 6310.

Supreme Court of Arizona.
Sept. 30, 1957.

I. B. Tomlinson, Bisbee, for appellant.

Henry W. Beumler, Douglas, for appellee.

---

it is void. It is also given with the agreement that if the required number of subscriptions are secured the building to be started as soon as material can be gotten on the ground, or as soon thereafter as the weather will permit and shall be completed within two years from date canvass is closed.

"Pltfs Ex 1 M. S. Hall."

In evidence

The complaint alleged that no part of the said $700 had been paid by defendant, though demand had been made therefor. Defendant by his answer admitted the execution of the contract but for various reasons denied any indebtedness thereunder.

At the trial, which was to the court sitting without a jury, only three witnesses testified in plaintiff's case in chief, viz.: defendant, who was called for cross-examination under the statute; the plaintiff, and his wife. When plaintiff rested, defense counsel made the following motion:

"Mr. Beumler: Your honor, at this time we move for judgment for the defendant on the ground that the plaintiff has not shown that this mausoleum was constructed in accordance with the the plans and specifications and photographs similar to Photo No. 9, which is a condition preceding the completion of the full amount under this contract, and since he has neither pleaded nor proven that the mausoleum was con-structed in accordance with the subscription we ask that judgment be entered for the defendant in this matter."

In the colloquy that ensued between the court and counsel, it is apparent attorney for plaintiff was firmly of the view that the matter raised by the above motion was defensive in character and hence the burden was upon defendant to plead and prove same. The trial court stated:

"The Court: He doesn't have to raise it in his answer. This is just as much a part of the contract as 'one third when foundation is in, one third when stone is on the ground, one third when mausoleum is completed according to plans, specifications or photographs similar to Photograph No. 9.' These are the conditions under which the contract arose, if this be a contract, so it is up to you to prove those things and you should have proven them in your case in chief.

"You have painstakingly proved everything else but that. Mr. Bowman testified to the foundation being in and so forth and so on, and the completion, but you haven't proven that this man got what he contracted to get. That is the whole thing, Mr. Tomlinson."

At this point counsel for plaintiff asked permission to reopen his case and place Mr. Bowman on the stand to supply the missing proof as to the mausoleum having been

completed in accordance with the plans and specifications in that it was similar to photograph No. 9. (Earlier in the trial, however, plaintiff had admitted photograph No. 9 was not then in the courtroom.) The court then summarily made this decisive ruling:

"I will deny permission. I think the burden is upon you in your case in chief to establish your contract, every bit of it, and the defendant may have judgment for failure to prove."

Judgment was thereupon entered for defendant and this appeal followed.

Did the action taken by the learned trial court constitute *"an abuse of discretion"* within the legal meaning of the term? The answer to this question and the duty of the court in the premises is governed, in part at least, by Rule 43(j), Civ.Proc., 16 A.R.S., which reads:

"Omission of testimony during trial. The court may at any time before commencement of the argument, when it appears necessary to the due administration of justice, allow a party to supply an omission in the testimony upon such terms and limitations as the court prescribes."

Historically it appears that prior to adoption of said Rule, this provision had, in substance, been a part of our statutory law since the turn of the century. See R.S.1901, section 1394. Originally the statute read: "The court may, at its discretion, * * *."

Previous decisions of this court, in wrestling with the general problem here presented, have laid down the governing principles. In Costello v. Cunningham, 16 Ariz. 447, 479, 147 P. 701, it was stated such a motion is addressed to the sound legal discretion of the trial court, and the exercise of such discretion is not reversible except upon a clear showing of abuse.

As we pointed out in Brown v. Beck, 64 Ariz. 299, 303, 169 P.2d 855, 858:

" * * * the term 'abuse of discretion' does not mean any reflection upon the presiding judge and does not carry with it an implication of conduct deserving censure, but is strictly a legal term indicating that the appellate court is of the opinion that under the circumstances the trial judge committed error of law in the exercise of his discretion."

In re Welisch, 18 Ariz. 517, 163 P. 264, 265—which was an application for bail pending appeal—gives an excellent dissertation on the meaning of "discretion". We quote an excerpt therefrom:

"Discretion of court is a liberty or privilege allowed to a judge, within the confines of right and justice, to decide an act in accordance with what is fair, equitable, and wholesome, as determined by the peculiar circumstances of the case, and as discerned by his personal wisdom and experience, guided

by the spirit, principles, and analogies of the law, to be exercised in accordance with a wise, as distinguished from a mere arbitrary, use of power, and under the law."

We held in De Mund v. Benson, 33 Ariz. 374, 378, 265 P. 84, 86, that the trial court had a wide discretion in such matters "and should exercise such discretion liberally wherever and whenever it is necessary or proper to a just disposition of the rights of the litigants."

Other decisions, such as Julian v. Carpenter, 65 Ariz. 157, 176 P.2d 693, disclose that this court has consistently upheld the trial court's exercise of its discretion in permitting the reopening of cases for the taking of additional testimony. While we here have a converse situation, the same legal principles govern.

 Decisions from three other jurisdictions, wherein the appellate court reversed the trial court for an abuse of discretion in refusing to permit a reopening of a case for the taking of additional testimony, are enlightening, and lay down some sound principles, viz.:

The Supreme Court of Louisiana in the case of Rawls v. Brotherhood of Railroad Trainmen Ins. Dept., 213 La. 899, 35 So.2d 809, 810, held that:

"* * * the modern trend in the trial of lawsuits is to render justice upon the merits of the controversy rather than to defeat justice upon technicalities. We demonstrated therein that it was our duty to interfere when a trial court exercised a discretion vested in it in such a manner that an injustice is done or substantial rights are lost through mere technicalities."

The highest court of New Jersey in the case of Carlo v. Okonite-Callender Cable Co., 3 N.J. 253, 69 A.2d 734, 739, quoted from one of their previous decisions [Hoffman v. Maloratsky, 112 N.J.Eq. 333, 164 A. 260] defining "exercise of discretion", as follows:

"That exercise implies conscientious judgment, not arbitrary action. It takes account of the law and the particular circumstances of the case and is 'directed by the reason and conscience of the judge to a just result.'"

The District Court of Appeal of California, in Christina v. Daneri, 22 Cal.App.2d 190, 70 P.2d 983, 984, stated that:

"While a court has a wide discretion in passing upon such a motion, this discretion should be exercised in accordance with legal principles and in accordance with the ends of justice. A trial in a court of justice is not a game and the judge is more than an umpire. * * *"

For text statements on the subject of reopening case, see: 53 Am.Jur., Trial, section 123; 88 C.J.S. Trial §§ 104 and 105.

Applying the foregoing legal principles to the facts shown by this record it manifestly appears to us that the trial court did abuse its discretion in denying plaintiff the right to reopen the case and establish—if he could—the missing link in the prima facie proof as to the mausoleum having been constructed similar to the one shown in photograph No. 9. The ruling made was highly technical in its nature and was not conducive to a fair disposition of the rights asserted by plaintiff. Cases should be determined on their merits, and here the right to reopen clearly appears to have been necessary to the due administration of justice as is required by Rule 43(j), supra.

Defendant further contends it would have been a futile gesture to permit plaintiff to reopen, because the proffered testimony could not have changed the end result. The basis for such claim is two-fold: (1) the subscription contract was revoked prior to its acceptance, and (2) the plaintiff failed to allege and prove he was a licensed real estate broker or salesman under A.R.S. §§ 32–2121 and 32–2152, and such failure precludes a recovery. A search of the record discloses defendant failed to raise this latter point in the trial below. Therefore, it is too late to raise the question for the first time on appeal. Robson v. Daily, 61 Ariz. 225, 147 P.2d 491; J. H. Mulrein Plumbing Supply Co. v. Walsh, 26 Ariz. 152, 222 P. 1046; City of Glendale v. Coquat, 46 Ariz. 478, 52 P.2d 1178. Furthermore, it is clear the judgment of the court rested solely on the absence of the missing link in plaintiff's proof.

For the reasons stated, the judgment is reversed with directions to grant a new trial.

WINDES, PHELPS, STRUCKMEYER, and JOHNSON, JJ., concurring.