35 So.2d 809

**RAWLS v. BROTHERHOOD OF RAILROAD TRAINMEN INSURANCE DEPARTMENT, Inc.**

No. 38518.

June 1, 1948.

Clarence F. Favret, of New Orleans, for plaintiff and appellant.

Beard & Blue, Leslie P. Beard and George R. Blue, all of New Orleans, for defendant and appellee.

PONDER, Justice.

The plaintiff, the named beneficiary in two insurance policies issued to her husband, Clayton E. Bourg, the insured, who died on October 27, 1945, brought this suit against the defendant insurer, under the accidental death benefit clauses of the policies, seeking to recover $3,300.00, with 6% annum interest from June 1, 1945 until paid. She alleges that her husband's death resulted from an accident, directly and independently of all other causes . The defendant, in its answer, denies that the death of the insured resulted from an accident, directly and independently of all other causes. The defendant avers that the insured's death resulted from an altercation in which the insured was the aggressor. When the case was called for trial,

the plaintiff was placed on the stand and testified to her marriage with the insured and to the reputation and peaceful deposition of her husband. Her counsel rested the case subject to the right of rebuttal, believing that he had established a prima facie case by showing that the deceased had come to his death by violent means and that it was incumbent upon the defendant to prove that the deceased's death was brought about by his wrongful act as a special defense to the case. The defendant immediately rested its case and moved for a judgment on the face of the pleadings. Thereupon, counsel for the plaintiff informed the court that, if he was mistaken in his interpretation of the scope and effect of the defendant's answer, he be permitted to place additional witnesses in order to prove the plaintiff's case. At that time all the witnesses were still present in court. Counsel for the defendant objected to the reopening of the case and the court took the matter under advisement. Subsequently, the court gave judgment in favor of the defendant and dismissed the plaintiff's suit. The plaintiff has appealed.

If we took the position that the averments in the defendant's answer were an admission that the insured came to his death by accidental means and that the further averments that the insured's death was brought about by his own wrongful act were a special defense which the defendant had failed to prove, the reversal of the judgment of the lower court would be equivalent of denying the defendant the right to prove the special defense. While, on the other hand, if we affirmed the judgment under the circumstances in this case, it would be equivalent to denying the plaintiff her day in court. She should not be deprived of her legal rights because of an error on the part of her counsel. We have on numerous occasions remanded cases to the lower court in order that the true situation may be shown and substantial justice done.

We reviewed the jurisprudence of this Court in Succession of Robinson, 186 La. 389, 172 So. 429, and pointed out that the modern trend in the trial of lawsuits is to render justice upon the merits of the controversy rather than to defeat justice upon technicalities. We demonstrated therein that it was our duty to interfere when a trial court exercised a discretion vested in it in such a manner that an injustice is done or substantial rights are lost through mere technicalities.

The refusal of the trial judge to reopen this case, when the error of counsel was sought to be remedied while all the witnesses were still present in court, is arbitrary and cannot be upheld because it would result in the denial of substantial justice on a mere technicality.

For the reasons assigned, the judgment of the lower court is reversed and set aside. The case is remanded to the lower court in order that the litigants may present evi-

dence to support their contentions. The cost of this appeal is to be paid by the defendant and all other costs are to await the final disposition of the cause.

O'NIELL, C. J., absent.