**266 P.2d 745**

**ATCHISON, T. & S. F. RY. CO.**

v.

**RENFROE et al.**

**No. 5734.**

Supreme Court of Arizona.

Feb. 8, 1954.

Fennemore, Craig, Allen & Bledsoe,. Phoenix, for appellant.

Lewis, Roca & Scoville, Phoenix, for appellees.

WINDES, Justice.

On or about July 22, 1951, at 1 :30 o'clock in the morning, plaintiff George F. Cumbie was driving his automobile east on West. Christy Road, sometimes called McDowell: road. Immediately west of Grand Avenue,. this road intersects the main line and switch tracks of the defendant, including lead tracks and two industrial leads. Plaintiff's automobile collided with a boxcar of the defendant standing or slowly moving across plaintiff's path, resulting in injury to the plaintiff Cumbie and Clarence A. Renfroe and William Robert Mahan, guest pas-

sengers. Three suits were filed against defendant for their respective injuries which were consolidated for trial and resulted in verdicts and judgments in favor of each of the plaintiffs. Defendant moved for judgment notwithstanding the verdicts in accordance with its former motion for directed verdicts upon the ground that plaintiffs failed to prove negligence of the defendant, and in the alternative moved for a new trial. These motions having been denied, defendant appeals.

To test whether there is sufficient evidence of the negligence of defendant to warrant submitting the case to the jury, we set forth the following facts which are either undisputed or supported by the evidence: It was a dark night with no unusual atmospheric conditions; Cumbie was familiar with the existence of the railroad crossing; the accident happened at the intersection of defendant's lead switching track; 400 feet west of this lead is Industrial Lead No. 1, and 800 feet west of the switching lead where the accident occurred is Industrial Lead No. 2, consisting of four tracks. On approaching the scene of the accident from the west, there are the following warning signs: 910 feet distant is a circular highway sign with an "X" and the letters "RR" painted thereon; 860 feet from the accident scene there was painted in white on the highway blacktop the word "Slow" in letters eight feet tall and ten inches wide; the usual cross-arm sign was located 20 feet from Industrial Lead No. 2 and 820 feet west of the accident location; 650 feet west of the scene of the accident there was painted in white on the highway the figures "25" in each eastbound traffic lane; 480 feet distant was another circular highway sign like the one heretofore described; a regular cross-arm sign was in front of Industrial Lead No. 1 and 415 feet from the scene of the accident; 320 feet west of where the accident occurred there was painted on the blacktop a large figure "X" occupying substantially all of the right eastbound land with the letters "RR"; approximately 150 feet west of the scene was another highway sign of the kind heretofore described; and finally there was the regular cross-arm 20 feet from the crossing where the accident happened. It is difficult to clearly describe all these warning signs and in the hope of clarification, we submit the following illustrative sketch showing the highway, the various tracks, the location of the respective signs and their distance from the scene of the accident.

SCENE OF ACCIDENT
YARD SWITCHING LEAD

ROAD

INDUSTRIAL LEAD NO.1

ARCO DR.

MC DOWELL

INDUSTRIAL LEAD NO.2

R R

25-25

SLOW

20 FT.  150 FT.  320 FT.  415 FT.  480 FT.  650 FT.  820 FT.  860 FT.  910 FT.

ALL DISTANCES FROM SCENE OF ACCIDENT

The defendant was engaged in switching operations across West Christy Road. The switch engine was north of the highway, backing freight cars southerly across the intersection and "kicking" them onto switch tracks to the south. The boxcar involved in the accident had been backed into the intersection and the engine was north thereof at the time of the accident. The engine foreman who apparently was in charge of the operations, walked to the south end of the boxcar and observed the headlights of an automobile, later proved to be plaintiff Cumbie's car, approaching from the west, at a distance, according to the witness' estimate, of about a quarter of a mile. The engine foreman gave no warning signal of the presence of the boxcar and proceeded with his switching duties. Plaintiff Cumbie testified his brakes and headlights were in good condition; that his lights were on dim and when thus operating would reflect objects in the highway about 40 or 50 yards distant; that he saw the wheels of the boxcar in the intersection when they were first picked up by his headlights; that they appeared to be moving slowly and, he thought, to the north; that the north or westbound traffic lane was open. In this latter respect, plaintiff must be in error. With the engine indisputably to the north, if the north lane was open, it was necessarily uncoupled from the boxcar. It seems that if the boxcar were moving at all, it necessarily was moving to the south, if the north lane of traffic was open. Plaintiffs proved by the highway patrolman who investigated the accident that from his measurements of the skid marks of plaintiffs' car, it was determined that the car skidded 122 feet before the impact.

The question for solution is whether under the foregoing fact situation the defendant was guilty of negligence. The correct answer is dependent upon the extent of the duty of the railroad to warn travelers of the presence of cars occupying an intersection under the circumstances here related. The test for defining the limits of this duty is provided by previous pronouncements of this court as requiring such notice of the presence of the track and the train as a reasonably prudent person would be expected to give under the particular circumstances. Doty v. Southern Pacific Co., 59 Ariz. 449, 129 P. 2d 991; Cope v. Southern Pacific Co., 66 Ariz. 197, 185 P.2d 772. The Doty case goes further and enunciates the principle that what is required of a reasonably prudent person in this class of cases is to give such warning under the existing circumstances as will create a condition wherein there is no reason to anticipate injury to a person using the highway with due care. If such warnings are given, the railroad's duty is fully performed and it cannot under such circumstances be held negligent. In other words, warnings need

not be given beyond that which is necessary to protect travelers using the highway with due care under the circumstances then and there existing. Consequently, in the present case, if there existed such warnings that there was no reason to anticipate injuries to one using the highway with due care at that time and place, the defendant has met its full duty and cannot be held to be negligent.

We have here a driver familiar with the crossing; we have numerous warning signs at intervals beginning 910 feet from the point of collision, three of them announcing the presence of the particular track upon which the accident occurred, the first of these being 320 feet distant; we have the presence of a boxcar occupying the intersection discovered by the driver approximately 40 yards distant from point of impact, and his car skidding at least 122 feet. Applying the test heretofore announced to determine whether the railroad was negligent, the only possible reasonable conclusion is that had the plaintiff Cumbie been driving with due care and caution under these circumstances, no accident would have occurred. No one could reasonably anticipate that with these multiple warnings anyone, and especially one familiar with the crossing, would crash into a boxcar occupying the intersection. It inevitably follows that under these conditions, the defendant fulfilled its duty and was not negligent.

Plaintiffs contend that since the boxcar was moving slowly, the foregoing principles are not applicable. Whether the boxcar was moving, as plaintiff Cumbie testified, or not moving is unimportant and cannot influence the result or the application of the rule. The boxcar occupied the intersection, whether moving or standing, when plaintiff observed it approximately 40 yards away, from which point, the plaintiff Cumbie, had he been exercising due care under the circumstances, could easily have stopped and avoided the collision. It would be unrealistic to say that one passing over these various tracks with numerous warning signs was exercising due care in going at that speed which skidded his car in excess of 40 yards before stopping. It was not a case of approaching an intersection without adequate signals and causing a collision by entering therein when it's too late for the autoist to avoid injury at whatever speed he may be driving. It was not a case of contributory negligence. It was a case of no negligence on the part of the defendant because it had performed its full duty in giving adequate warning.

Plaintiffs seem to think when the engine foreman saw the headlights of plaintiff Cumbie's car, it created the duty to give additional warning. Such is not the law. All warnings that any reasonable

person could expect had already been given. None other were required.

The judgments are reversed with instructions to enter judgment for the defendant.

PHELPS, C. J., and STANFORD, LA PRADE, and UDALL, JJ., concurring.