362 P.2d 737

**Eugene PUNTEL, Appellant,**

v.

**Stephen KIRTIDES, and Olympia Kirtides, his wife, Appellees.**

No. 6619.

Supreme Court of Arizona.

En Banc.

June 21, 1961.

Rehearing Denied Sept. 26, 1961.

**362**

Charles Christakis and Douglas O. Peterson, Phoenix, for appellant.

John M. Levy and William C. Fields, Phoenix, for appellees; Emmett R. Feighner, Phoenix, of counsel.

FRANCIS J. DONOFRIO, Superior Court Judge.

This is an action by Eugene Puntel, hereinafter called plaintiff, against Stephen Kirtides and Olympia Kirtides, his wife, hereinafter called defendants. The case was tried to the court sitting with a jury, and at the close of plaintiff's evidence defendants moved for an instructed verdict on each count of the complaint. The court below granted the motion and plaintiff has appealed.

The plaintiff has several assignments of error which may be summarized into three categories:

1. That the court erred in directing a verdict for the reason that a prima facie case was established in that there was enough evidence to take the case to the jury on the issue as to whether there was a partnership between the parties, and that a prima facie case was made on the count alleging actionable fraud against the defendants and that there was enough evidence to take the case to the jury on this issue.

2. That the court erred in denying plaintiff's motion to amend the complaint for money had and received and for breach of contract and for constructive trust.

3. That the court erred in denying plaintiff's motion to reopen his case, and erred in not admitting plaintiff's Exhibit I in evidence.

■ Under these circumstances, first it is necessary that we examine the evidence, for if there is evidence in the record from which a jury could reasonably have found in favor of plaintiff on any of the causes of action of the complaint it was error to direct a verdict. Golfinos v. Southern Pacific Company, 86 Ariz. 315, 318, 345 P.2d 780, 781.

The trial proceeded on an amended complaint alleging two causes of action. The first cause of action alleged a partnership and prayed for an accounting and a distribution of the partnership business. The second cause of action was based on fraud concerning the same matter and asked for damages. The defendants denied both the allegations of partnership and fraud.

The facts, taken as strongly in favor of plaintiff's case as they may be from the evidence, show the following: The plaintiff, an unmarried man in his seventies, was illiterate, and unable to speak English very well. He met the defendants, a young married couple, on or about the 22nd day of March, 1954. At this time defendants employed plaintiff as a dishwasher in their restaurant located on Madison Street in

Phoenix. Both parties spoke Greek and carried on much of their conversations in the Greek language.

The plaintiff worked for defendants as a dishwasher for approximately 10 months, receiving a salary of $30 a week which he claims to have given back to defendants. Soon after going to work he claims that he gave them approximately $279, and thereafter the sum of $100 which the plaintiff borrowed from his cousin in California. There were other items such as social security checks, salaries and the obtaining of a $1,000 loan from a local bank, together with work in the construction of a diner trailer which plaintiff claims to have given the defendants. The defendants admit borrowing some money from plaintiff, but the record is silent as to whether any of it was ever paid back.

The theory of plaintiff's first cause of action was that the plaintiff and defendants orally entered into a partnership agreement, in March, 1954, whereby both agreed that they would together build a diner and thereafter open it for business, each to contribute his share of services. The theory of the second cause of action was that when defendants entered into this oral agreement they never intended to have plaintiff as a partner but with intent to defraud, made representations to enter into a partnership, which representations were false and material and made solely to obtain plaintiff's monies.

We think the first and vital question is: Is there any evidence of partnership? There are many definitions of a partnership but perhaps none are more comprehensive and precise than the often quoted definition of Chancellor Kent:

> "A Contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions." 3 Kent Comm. 23.

In harmony with this definition is our own statute A.R.S. § 29–206, subsection A:

> "A partnership is an association of two or more persons to carry on as co-owners a business for profit."

The transcript does not contain evidence that the parties agreed upon a partnership. From the very beginning the plaintiff could give no clear picture of any agreement or understanding which could be interpreted as a partnership. Illustrative of this are the following questions and answers:

> "Mr. Christakis: Now, Mr. Puntel, in March of 1954, did you have a conversation with Mr. and Mrs. Kirtides here concerning any sort of any agreement? A. I don't understand.

> "The Court: In March of this year did you have some kind of conversation

or talk with Mr. and Mrs. Kirtides about having an agreement of some kind in 1954? A. No agreement.

"Q. Did you have a conversation with them about such an agreement? A. If I start work, he told me to trust him, he said turn back the money, my wife bookkeeper, mark it down.

"Mr. Christakis: What else did Mr. Kirtides say to you then at that conversation? A. I don't understand that.

"The Court: What else did they say to you at that time? Did they say something else to you at that time? A. He told me to turn back the money any time, his wife mark it down in the book. He said I go buy stock and trust him.

"Q. Did you let him have money? A. Every time I give him money back, my check, he pay me.

"Q. That you gave him the money? A. Yes.

"Q. Then what happened? A. Then he said he mark it down in the book, then I paid it back."

A detailed examination of the testimony reflects that plaintiff's counsel asked some leading questions of plaintiff using the word "partnership" and in some instances assumed the fact of partnership, never laying the foundation for the conversation. However, in the answers given by plaintiff he was never able to give any conversation, writing or account of any incident where there was any specific understanding to form a partnership.

It goes almost without saying that where there is no evidence of any agreement to enter into a partnership, there is no evidence to support the theory of the second cause of action that the defendants entered into an oral agreement of partnership with the plaintiff with the intent to defraud him. Certainly the evidence is devoid of any of the nine elements of a fraud case repeatedly announced by this Court as necessary to be proved. Moore v. Meyers, 31 Ariz. 347, 253 P. 626; Waddell v. White, 56 Ariz. 420, 108 P.2d 565, 108 P.2d 843.

We do not consider that plaintiff's proposed Exhibit I, being a loan application filled in by the assistant manager of the bank and signed by the plaintiff, contains anything to show a partnership between the parties. Therefore, the assignment of error based on its failure to be admitted will not be considered further.

We are of the opinion that there is not evidence in the record sufficient to go to the jury on the causes of action alleged in the amended complaint. Such being the case, the court properly granted an instructed verdict.

We next consider plaintiff's assignment that the court erred in denying his motion to amend the complaint to recover on the theory of money had and received, breach of contract, or a constructive trust. Plaintiff urges that amendments should be allowed liberally in the interest of justice so that the case ultimately should be tried on its merits in order that the parties to the litigation in one trial may receive all the relief to which they are entitled. Plaintiff contends that the court abused its discretion in denying the motion to amend. Amendments to conform to the evidence should be liberally allowed in the interest of justice and are within the discretion of the trial court. Leigh v. Swartz, 74 Ariz. 108, 245 P.2d 262; Aiken v. Protis, 59 Ariz. 101, 123 P.2d 169.

A review of the testimony given by defendant Kirtides shows that on occasions he admitted having borrowed money and received loans from the plaintiff. He testified that he wrote a letter in Greek asking for a $300 loan and that later he had a long distance conversation concerning the matter. He admits driving the plaintiff to Blythe, California, to obtain money from a cousin.

One of defendants' grounds for defendants' motion for a directed verdict was stated as follows:

"* * * that the evidence of the plaintiff affirmatively shows that the money advanced, if any, was advanced with the understanding that the plaintiff could recover such money from the defendants and not from any partnership or partnership property or funds."

The modern trend in the trial of lawsuits is to render justice upon the merits of the controversy rather than to defeat justice upon technicalities. Bowman v. Hall, 83 Ariz. 56, 316 P.2d 484; Rawls v. Brotherhood of Railroad Trainmen Ins. Dept., 213 La. 899, 35 So.2d 809. Applying the foregoing legal principles to the facts shown by this record it appears to us that the court did abuse its discretion in denying plaintiff's motion to amend and reopen his case.

This Court affirms the judgment in favor of the defendants on the partnership issues. The case is reversed with directions that the plaintiff be permitted to file an amended complaint setting forth claims for relief based only upon debt and/or money had and received, and for a new trial in accordance with this opinion.

Reversed with directions.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.

JENNINGS, J., being disqualified, FRANCIS J. DONOFRIO, Superior Court Judge, was called to sit in his stead.