367 P.2d 278

D. K. LIEBERMAN, d.b.a. Don Lieberman
Enterprises, Appellant,

v.

BRITTAIN HENDRICKSON MINING
COMPANY, a corporation,
Appellee.

No. 6690.

Supreme Court of Arizona.

Dec. 13, 1961.

Jose del Castillo, Tucson, for appellant.

John W. Ross, Jr., and Courtney L. Varner, Tucson, for appellee.

PER CURIAM.

This is an appeal by defendant, D. K. Lieberman, from a judgment rendered by

the Superior Court of Pima County sitting without a jury.

Considering the evidence "in the strongest manner in favor of the appellee" (Anderson v. Artesia Inv. Co., 66 Ariz. 335, 338, 188 P.2d 455, 457 (1948)) the facts are as follows. Plaintiffs, Brittain and Hendrickson, early in 1955 entered into an oral agreement with Nikas Mining Corporation, lessee of the Morning Star Mine in Pima County, whereby plaintiffs were given the right to remove tungsten ore from the mine, Nikas to receive a 25% royalty on all proceeds from the sale of tungsten trioxide recovered. Shortly thereafter plaintiffs visited defendant's mill and obtained a schedule of prices paid by defendant for certain grades of ore.

In June and July of 1955 plaintiffs shipped 96.205 tons of ore either directly from the Morning Star Mine or from another mill to defendant. Due to equipment failures at defendant's mill, however, the ore was not processed until September of 1955 at which time an assay disclosed that a sample of the milled ore contained 1.25% of tungsten trioxide. According to the schedule of prices provided plaintiffs at their first meeting with defendant, ore assayed at from 1% to 1½% would be purchased by defendant at $30.00 "Per Short Ton Unit Contained $WO_3$". Plaintiffs claimed only their 75% share less $200 previously advanced them by defendant. And

this amount, $2,194.65, was awarded them by the trial court.

On appeal defendant makes two principal contentions. Number one is that plaintiffs' ownership of the ore and the terms of the sale were not established by the weight of the evidence. There was a conflict in the evidence as to whether plaintiffs' ore was commingled with their consent with other ore from the Morning Star Mine. There was also conflicting testimony as to whether defendant's price schedule which plaintiffs relied upon or another schedule was operative when the ore was shipped to defendant's mill.

■ Suffice it to say, however, that there is substantial evidence in the record to support the judgment below. And where the evidence is in conflict the Supreme Court will not substitute its opinion for that of the trial court. See, e. g., Church v. Meredith, 83 Ariz. 377, 378, 321 P.2d 1035, 1036 (1958).

■ Defendant's second contention is that the trial court erred in permitting plaintiffs to amend their complaint at the close of the evidence to allege ownership of the ore in question and thus conform the allegations to the evidence presented at trial. Rule 15(b) of the Arizona Rules of Civil Procedure provides in part:

"Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these

issues may be made upon motion of any party *at any time,* even after judgment \* \* \*." (Emphasis added.)

Such amendments are to be "liberally allowed" and are within the discretion of the trial court. See, e. g., Puntel v. Kirtides, 89 Ariz. 361, 362 P.2d 737 (1961). There was no abuse of such discretion in this case.

There being no error, the judgment is affirmed.

This matter was argued before Justices UDALL and LOCKWOOD and Superior Court Judge WILLIAM KIMBLE. The latter having since resigned the matter has been considered by the entire court, hence the Per Curiam opinion.