596 P.2d 726

**Lee FULLER, by his Guardian ad Litem, Alice Skinner, Plaintiff/Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant/Appellee.**

**No. 2 CA–CIV 3152.**

Court of Appeals of Arizona, Division 2.

May 18, 1979.

Rehearing Denied June 14, 1979.

Thur & Preston by Calvin C. Thur, Scottsdale, for plaintiff/appellant.

Bilby, Shoenhair, Warnock & Dolph, P. C. by Richard M. Bilby and Mary E. Mangotich, Tuscon, for defendant/appellee.

OPINION

HOWARD, Judge.

This is an action for personal injury suffered by a two-year-old boy when his father's pickup truck, in which he was a passenger, was struck by defendant's train at a grade crossing. The plaintiff appealed from a judgment in favor of the defendant entered pursuant to a jury verdict. He contends the trial court committed reversible error in giving the jury defendant's Instruction No. 1. We agree and remand for a new trial.

The accident occurred during daylight in Pima County, Arizona at the intersection of Tangerine Road and defendant's railroad track. Plaintiff's father was traveling east on Tangerine Road. When he got to the tracks he looked to his left. He then looked to his right but, by that time, he was already on the tracks and his vehicle was struck by the train. A motorist traveling east on Tangerine Road is first warned of the existence of the tracks by the usual railroad warning sign, and there are also crossbucks located on either side of the tracks. Plaintiff contended that the railroad not only was negligent but was also guilty of wanton and wilful misconduct justifying the imposition of punitive damages. His theories of liability against the railroad were (1) speeding, (2) failure to ring the bell or blow the whistle as required by A.R.S. Sec. 40–854,[1] (3) failure to make a timely application of the brakes, (4) failure to provide adequate warning devices at the cross-

ing, and (5) improper placement of a white "stop" line on Tangerine Road. Plaintiff submitted witnesses in support of each theory.

The instruction given by the trial court over plaintiff's objection stated:

"You are instructed that the extent of the duty of a railroad to warn travelers of the presence of a train approaching a railroad crossing is to give such notice of the presence of the track and the train as a reasonably prudent person would be expected to give under the particular circumstances. What is required of a reasonably prudent person, in this class of cases, is to give such warning under the existing circumstances, as will create a condition wherein there is no reason to anticipate injuries to a person *using the highway with due care.*

In order to rely upon the exercise of reasonable care by another, defendant itself must be free from the failure to exercise reasonable care and in addition defendant must exercise reasonable care to learn whether those upon whose conduct it relies are in fact using such care." (Emphasis added)

In support of this instruction the defendant cited the following cases: *Atchison, T. & S. F. Ry. Co. v. Renfroe*, 77 Ariz. 28, 266 P.2d 745 (1954); *Doty v. Southern Pac. Co.*, 59 Ariz. 449, 129 P.2d 991 (1942); *Cope v. Southern Pac. Co.*, 66 Ariz. 197, 185 P.2d 772 (1947); *Golfinos v. Southern Pacific Co.*, 86 Ariz. 315, 345 P.2d 780 (1959). The defendant has taken the cases relied upon and changed the language to make them apply here. They do not and this was clearly pointed out in *Southern Pacific Railroad Co. v. Mitchell*, 80 Ariz. 50, 292 P.2d 827 (1956):

"Defendants unwarrantedly place great reliance upon four cases decided by this court which set forth the extent of the duty of reasonable and adequate warning which a railroad company owes a motorist *once a train is actually upon and blocking the crossing.* . . . Those cases stand for the proposition that once a train has occupied a highway crossing

---

1. There was a conflict in the testimony on this point.

*no duty arises for the railroad company to give any additional notice of the presence of the train upon the crossing, for the train itself is adequate warning to the approaching traveler.* It is to be noted that this proposition is not applicable to the case here, for obviously this is not a 'blocked crossing' situation. . . ." (citations omitted, emphasis added) 80 Ariz. at 58, 292 P.2d at 832.

The second half of the jerry-built instruction, taken from *Alires v. Southern Pacific Company*, 93 Ariz. 97, 378 P.2d 913 (1963), belongs with an instruction concerning the right of the railroad to assume that a motorist approaching a railroad crossing will exercise reasonable care.

▆ The trial court properly informed the jury that the failure of a railroad to ring the bell or blow the whistle as required by A.R.S. Sec. 40–854 would be negligence per se. However, this statute prescribes no more than a minimum code of conduct, failure to observe which is negligence as a matter of law. By merely observing such statutory minimum, a railroad cannot escape the possibility that there may be negligence in its actions as measured by common law standards of due care. *Southern Pacific Railroad Co. v. Mitchell*, supra. With respect to operation of the train at a crossing, ordinarily a railroad company must, through its engineers, firemen and other employees, use such reasonable care and precautions to avoid injuring a person at the crossing as the circumstances reasonably require. A railroad must adopt a reasonably safe and effective mode, commensurate with the danger at the crossing, of warning travelers of the approach of a train. This duty varies with the circumstances at each crossing, because one may be more dangerous than another. It is the duty of the railroad at a grade crossing to give timely and sufficient warning of the approach of a train, taking into consideration the circumstances of the crossing, such as its physical characteristics, the ability of travelers to see an approaching train, the rate of speed of the train and the amount of vehicular traffic at the crossing. *McGlin-*

*chey v. Baker*, 356 F.Supp. 1134 (E.D.Penn. 1973); 2 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, Sec. 73.12 (2nd ed. 1970); 65 Am.Jur.2d Railroads Sec. 477 (1972); 74 C.J.S. Railroads § 711 (1951). A railroad owes to travelers on the highway the affirmative duty of due care in the maintenance and safeguarding of its crossings and in the operation of its trains thereon. What constitutes such due care is measured in each instance by the facts of the particular situation. The common law standard of conduct applicable to a railroad company as to all persons in order to escape liability for injuries to another is to attain the status of a reasonably prudent person under the particular circumstances. *Southern Pacific Railroad Co. v. Mitchell*, supra. Courts should not treat railroad crossing cases in any different manner than any other negligence case. The duty of both the railroad and the motorist should be to act with reasonable care under the circumstances. *Koch v. Southern Pacific Company*, 266 Or. 335, 513 P.2d 770 (1973).

▆ Turning our attention to Instruction No. 1, it states, inter alia, that the obligation of the railroad only extends to persons who are free from negligence. This is not the law. An act or omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the negligent or reckless conduct of the other or a third person. *Sulpher Springs Valley Elec. Coop., Inc. v. Beltran*, 13 Ariz.App. 513, 478 P.2d 128 (1970); Restatement (Second) of Torts Sec. 302A (1965).

Prosser has spoken on this subject in his "Handbook of The Law of Torts" 170–72 (4th ed. 1971):

"There are many situations in which the hypothetical reasonable man would be expected to anticipate and guard against the conduct of others. Anyone with normal experience is required to have knowledge of the traits and habits of . . . other human beings, and to govern himself accordingly. . . .

But beyond this, he is required to realize that there will be a certain amount of

negligence in the world. In general, where the risk is relatively slight, he is free to proceed upon the assumption that other people will exercise proper care. It would not be easy to move traffic if motorists could not assume that other cars will keep to the right, and drive accordingly; or that those who use the highway will be reasonably intelligent, competent and careful, and will look out for themselves. But when the risk becomes a serious one, either because the threatened harm is great, or because there is an especial likelihood that it will occur, reasonable care may demand precautions against 'that occasional negligence which is one of the ordinary incidents of human life and therefore to be anticipated.' . . .

The duty to take precautions against the negligence of others thus becomes merely a matter of the customary process of multiplying the probability that such negligence will occur by the magnitude of the harm likely to result if it does, and weighing the result against the burden upon the defendant of exercising such care. The duty arises, in other words, only where a reasonable man would recognize the existence of an unreasonable risk of harm to others through the intervention of such negligence. . . ." (footnotes omitted)

▪ Negligence is conduct which involves an unreasonably great risk of causing damage. Terry, Negligence, 29 Harv.L.Rev. 40 (1915). While it might not be negligent to fail to install automatic signal devices or gates at some crossings, it may be negligent not to do so at others, depending upon the circumstances previously mentioned, such as the amount and character of travel over the crossing, the extent and character of train movement, the control and speed of the train, and the character of the highway and the crossing itself. That part of the instruction that tells the jury that in this case a reasonably prudent person need only give such warning under the existing circumstances as will create a condition wherein there is no reason to anticipate injury to a person using the highway with due care is erroneous.

▪ Defendant contends that the part of the instruction which comes from the *Alires* case cures any error. The validity of this contention can be tested by reference to the entire instruction. It is composed of three parts or concepts. Part one told the jury that the duty of the railroad is to act as a reasonably prudent person under the circumstances. It is a correct statement of the law.

Part two told the jury what constitutes the conduct of a reasonably prudent person in this case, to-wit, to warn persons who are not negligent. This is erroneous.

Part three told the jury two things. It first told them that the railroad can rely on the good conduct of others if it is free from the failure to exercise due care (acting as a reasonably prudent person under the circumstances), which the jury had already been told in part two is a duty which extends only to the non-negligent. It adds nothing to the erroneous concept set forth in part two and in fact may have emphasized it.

The jury was also told that the railroad can rely on the good conduct of others if, in addition to making the crossing safe for the non-negligent it also uses reasonable care to learn whether persons using it are in fact using due care. This does not cure the error.

Plaintiff also contends that the trial court erred in failing to give certain other instructions. We need not discuss them in view of our disposition and the law which we have set forth herein.

Reversed and remanded for new trial.

RICHMOND, C. J., and HATHAWAY, J., concur.