DOUCET, Judge.
This appeal arises out of a vehicular collision between John Warren Thibodeaux, plaintiff-appellant, and Jill Renee Landor.
Thibodeaux filed suit against his uninsured motorist insurer, Imperial Lloyds Insurance, second appellant herein, and Clarence Landor, father of the minor, Jill Renee Landor. It is undisputed that until the date of trial, both Thibodeaux and Imperial Lloyds believed that the Landors were uninsured. Thibodeaux made demand on December 11, 1986, and January 6, 1987, for payment pursuant to his policy of uninsured motorist insurance. On January 9, 1987, Imperial Lloyds made a tender under the uninsured motorist policy of $2,500.00.
At trial, it was revealed that Mr. Landor had a public liability policy issued on a monthly renewal basis. The trial judge left the record open at the end of trial, giving Imperial Lloyds twenty days from March 22, 1988, the date of its first written reasons for judgment, in whicli to obtain and introduce any policy or renewals evidencing the existence of insurance covering Mr. Landor. On April 29, 1989, arguments on the policy were heard at which time counsel for Imperial Lloyds attempted to introduce the policy. The judge refused to allow the policy into evidence since it was not filed within the 20 day period allowed. The policy was proffered by counsel.
In its reasons for judgment the trial court held that no policy of public liability insurance was in effect at the time of the accident, and that Landor was an uninsured motorist. On August 8, 1988, judgment was rendered in favor of Thibodeaux and against Imperial Lloyds for general damages in the amount of $7,500.00, subject to a credit of the $2,500.00 already paid. The court assessed Imperial Lloyds with penalties of 12% of the $7,500.00 damage award and attorney’s fees of $2,500.00 for unreasonable failure to tender payment in accordance with La.R.S. 22:658.
Both Thibodeaux and Imperial Lloyds have filed appeals from the judgment. However, since Thibodeaux finds no error in the trial court’s judgment, we will pass on to consider the assignments of error made by Imperial Lloyds. Imperial Lloyds argues that the trial court erred: 1) in refusing to allow introduction on April 29, 1988, of the policy of public liability insurance allegedly covering Landor; 2) in refusing to allow the parties to stipulate that Landor had insurance; 3) in finding as fact that Landor was uninsured; 4) in assessing penalties and attorney’s fees; 5) in the amount of the penalty assessed.
EXCLUSION OF POLICY AND STIPULATION
The trial judge has it within his discretion to control the proceedings at trial and to vary the order of trial when it is justified by circumstances. La.C.C.P. arts. 1631 and 1632.
PENALTIES
However in this case no further delay in the adjudication of the case would have taken place had the court allowed introduction of the policy at the April 29, 1988 hearing. All the parties were present in *1015 court and the trial court still had the matter under advisement. This is evident by the fact that even without this evidence, the trial court did not tender final written reasons for judgment until May 20, 1988, and judgment in this case was not signed until August 8, 1988.
In Regional Agr. Credit Corp. v. Elston, Prince & McDade, 183 So. 91 (La.App. 2nd Cir.1938), the Second Circuit stated at page 92:
“The ruling of the court in not allowing the motion [to reopen] was arbitrary ... To allow the motion and admit the evidence would not have caused any delay. The case had not been decided at the time and the evidence offered in the motion, if necessary to a just decision in the case, under defendant’s contention, should have been allowed.”
In a similar vein, in Rawls v. Brotherhood of Railroad Trainmen Ins. Dept., 213 La. 899, 35 So.2d 809 (La.1948), where the problem centered around the failure of counsel for the plaintiff to introduce certain critical evidence, the Louisiana Supreme Court stated at 35 So.2d page 810:
“The refusal of the trial judge to reopen, this.case, when the error of counsel was sought to be remedied while all the witnesses were still present in court, is arbitrary and cannot be upheld because it would result in the denial of substantial justice on a mere technicality.”
Based on the rationale of these two decisions, this court finds that the trial court abused its discretion in the case presently before it, since it is clear that the introduction of the Safeway renewal policy was necessary to a just decision in the case.
Having found that the trial court abused its discretion, it is nevertheless necessary to remand the case for further evidence on the issue of coverage. First, the stipulation referred to by counsel for Imperial Lloyds is not part of the record. Second, the renewal form referred to by counsel on page 65 of the transcript is completely illegible. Therefore, further evidence is needed to resolve Imperial Lloyds’ contentions that Landor was insured at the time of the accident.
Costs of this appeal are assessed against defendant-appellant, Imperial Lloyds.
REVERSED AND REMANDED.