j iWOODARD, Judge,
dissenting.
I respectfully disagree with an affirmation in this case, as it serves a grave injustice to a party, originally due, it appears, to counsel error, and the judge had the information in question in hand within a reasonable time period after he had agreed to hold the ease open. Further, the inclusion of such evidence would in no way have prejudiced defendants who had to be well aware of the evidence. Notwithstanding, my research indicates that in the vast number of similar cases, judges have permitted the inclusion of evidence.
Consider that the trial court allowed three exhibits to be introduced into evidence after the defendants moved for dismissal. The exhibits provided some evidence of Juneau’s liability coverage. At that time, Richard requested that the record be held open for seven days in order to provide the required statutory proof. The court took the request under advisement, allowing Richard, in the alternative, to offer a proffer within twenty-one days. Richard submitted a post-trial memorandum Land several documents as part of her proffer. One of those proffers, namely “G,” satisfies the statutory requirement for prime facie proof. According to Richard’s brief, Proffer “G,” the sworn affidavit of Juneau, stating that his liability policy limit was 10/20 and that he had no other coverage, was made available to the court within three days from the end of trial. Yet, the trial court refused to allow the proffers into evidence and did not consider them in rendering judgment.
Richard recognizes that she did not introduce the requisite evidence required by the statute to satisfy her burden of proof as to Juneau’s liability limits. However, Proffer “G,” Juneau’s sworn affidavit, would have satisfied the statutory requirement of prime facie proof and shifted the burden to the defendants. In addition, this Court has stated that the statute does not provide the exclusive methods of proof and that the plaintiffs burden may be satisfied by other evidence. Launey v. Thomas, 379 So.2d 27 (La.App. 3 Cir.1979). To that end, the post-trial evidence offered by Richard, which included the sworn testimony of the defendants, indicated that the extent of Juneau’s coverage was 10/20 and that his limits were exhausted.
In Thibodeaux v. Imperial Lloyds, 556 So.2d 1013 (La.App. 3 Cir.1990), this court allowed introduction of the evidence, even though it was one day past the time the court agreed to hold open the record, because there was ample time for the court to consider the evidence before rendering its decision. Similarly, in Dowden v. Miller, 425 So.2d 706 (La.1982), the Supreme Court held that a trial judge abused his discretion by failing to accept documentary evidence after the case had been submitted. More importantly, in Dowden, the ease had been under advisement for seven months, six months longer than in the case sub judice.
The trial judge attempts to justify his judgment to exclude the evidence and dismiss plaintiff’s claim by distinguishing the instant ease from the aforementioned cases on the basis of the number of opportunities the respective parties had to present the evidence, concluding that the plaintiff in the case at bar had so many more opportunities than those in previous eases. That, however, is speculation. Those prior cases cannot be *1014 so distinguished from the present one as we cannot discern how many opportunities the other parties had since that was not an issue discussed.
The fact remains that in the instant case, the judge had Proffer “G” in hand weeks before he rendered his judgment and well within the twenty-one day grace period he had afforded plaintiff, yet he chose to ignore it. Further, the court ^acknowledges that appellate courts are prone to consider “keeping evidence out” as an abuse of discretion, yet ignores such precedence, evidenced by his Written Reasons for Judgment, in which he cites case after case, followed by this proposition:
[I]t seems that when the Trial Judge let the evidence in, it was not an abuse of discretion. When the Judge kept the evidence out, it was an abuse of discretion. ... Nevertheless, this Court chooses to exercise its ‘vast discretion.’ Under the peculiar facts and circumstances of this case, this Court will “keep the evidence out.”
It is not clear to what “peculiar facts and circumstances” the court could be referring as the error in this case is not nearly as egregious as some of the transgressions in those cases cited by the trial judge in his reasons, and his conclusion after weighing the injustices seems to be misplaced:
This Court has carefully weighed and considered all of the factors involved in deciding this case and is persuaded that especially in light of the many opportunities afforded the plaintiff to prove coverage, that it would be a substantial injustice to the defendants to give plaintiff yet another chance. With reluctance, and sympathy for plaintiff’s predicament, the interests of justice in this case requires this Court to dismiss Richard’s claims and deny the Motion to Reopen the Evidence.
In essence, the court believes that it is less of an injustice to ignore prime facie evidence in his possession, weeks before rendering a decision, and to dismiss plaintiffs legitimate claim than to have the defendants experience a three-day delay in the proceedings. Based on the fact that the required evidence was provided a few days following close of Richard s ease and within the time period allowed by the court for the proffer and that defendants were in no way prejudiced by the inclusion of evidence of which they had knowledge, the circumstances would justify altering the order of trial in order for justice to be done.